UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X

In re:                                                    :
                                                          :    Chapter 13
    William Kleinbrahm,                :
                                                          :    Case No. 13-41231 (CEC)
        Debtor.     :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Jay Poe,                            :
                                                          :    Case No. 13-41232 (CEC)
        Debtor.     :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Truman Reddick,                     :
                                                          :    Case No. 13-41233 (CEC)
        Debtor.     :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Soo Jung,                           :
                                                          :    Case No. 13-41235 (CEC)
        Debtor.     :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Eric Cooper,                        :
                                                          :    Case No. 13-41236 (CEC)
        Debtor.     :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Gabriel Rios,                       :
                                                          :    Case No. 13-41238 (CEC)
        Debtor.     :
--------------------------------------------------------- x
In re:                                                    :
                                                          :
    Patricia Goff                       :    Chapter 13
                                                          :
        Debtor.     :    Case No. 13-41247 (CEC)
--------------------------------------------------------- x

1

```
--------------------------------------------------------  x
In re:                                                    :        Chapter 13
                                                          :
        Vernon Dollahite,                                 :        Case No. 13-41349 (CEC)
                                                          :
                                Debtor.                   :
--------------------------------------------------------  x
In re:                                                    :
                                                          :        Chapter 13
        Napoleon Thomas II,                               :
                                                          :        Case No. 13-41366 (CEC)
                                Debtor.                   :
--------------------------------------------------------  x
In re:                                                    :
                                                          :        Chapter 13
        Gary Gray,                                        :
                                                          :        Case No. 13-41399 (CEC)
                                Debtor.                   :
--------------------------------------------------------  x
In re:                                                    :
                                                          :        Chapter 13
        Charles Hubbard,                                  :
                                                          :        Case No. 13-41416 (CEC)
                                Debtor.                   :
--------------------------------------------------------  x
In re:                                                    :
                                                          :        Chapter 13
        Teresa Davis,                                     :
                                                          :        Case No. 13-41426 (CEC)
                                Debtor.                   :
--------------------------------------------------------  x
In re:                                                    :
                                                          :        Chapter 13
        Luke Scott,                                       :
                                                          :        Case No. 13-41427 (CEC)
                                Debtor.                   :
--------------------------------------------------------  x
In re:                                                    :
                                                          :
        Constance Tan,                                    :        Chapter 13
                                                          :
                                Debtor.                   :        Case No. 13-41477 (CEC)
--------------------------------------------------------  x
```

2

```
-------------------------------------------------- x
In re:                                             :        Chapter 13
                                                   :
     Tina Restivo,                                 :        Case No. 13-41481 (CEC)
                                                   :
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   :        Chapter 13
     Eugene Morris,                                :
                                                   :        Case No. 13-41526 (CEC)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   :        Chapter 13
     Michael Plumhoff,                             :
                                                   :        Case No. 13-41529 (CEC)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   :        Chapter 13
     Elizabeth Hoke,                               :
                                                   :        Case No. 13-41606 (CEC)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   :        Chapter 13
     Carolyn V. Henderson,                         :
                                                   :        Case No. 13-41558 (CEC)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   :        Chapter 13
     Roberto Alcala,                               :
                                                   :        Case No. 13-41681 (CEC)
                              Debtor.              :
-------------------------------------------------- x
In re:                                             :
                                                   :
     Charles Struckel,                             :        Chapter 13
                                                   :
                              Debtor.              :        Case No. 13-41715 (CEC)
-------------------------------------------------- x
```

--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Carlos Hartsfield,                :
                                                          :    Case No. 13-41797 (CEC)
          Debtor.    :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Jacqueline Snipes,                 :
                                                          :    Case No. 13-41846 (CEC)
          Debtor.    :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Anna Wheeler,                      :
                                                          :    Case No. 13-41924 (CEC)
          Debtor.    :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Jerry Chase,                       :
                                                          :    Case No. 13-41926 (CEC)
          Debtor.    :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Joseph Strong,                     :
                                                          :    Case No. 13-41928 (CEC)
          Debtor.    :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Sharon Brantley,                   :
                                                          :    Case No. 13-41929 (CEC)
          Debtor.    :
--------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 13
    Michael Riley,                     :
                                                          :    Case No. 13-41930 (CEC)
          Debtor.    :
--------------------------------------------------------- x

4

```
------------------------------------------------- x
In re:                                             :
                                                   :    Chapter 13
        Diane Bridges,                             :
                                                   :    Case No. 13-41931 (CEC)
                             Debtor.               :
------------------------------------------------- x
In re:                                             :
                                                   :    Chapter 13
        Rodolfo Guerrero,                          :
                                                   :    Case No. 13-41960 (CEC)
                             Debtor.               :
------------------------------------------------- x
In re:                                             :
                                                   :    Chapter 13
        Bradley Adams,                             :
                                                   :    Case No. 13-41989 (CEC)
                             Debtor.               :
------------------------------------------------- x
```

# MEMORANDUM OF LAW IN SUPPORT OF
# UNITED STATES TRUSTEE'S MOTION FOR ORDER:
# (I) IMPOSING SANCTIONS AGAINST ALAN SHUCHATOWITZ, ESQ.
# UNDER BANKRUPTCY CODE SECTION 105 AND
# FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011,
# (II) REQUIRING RETURN OF EXCESSIVE FEES UNDER
# BANKRUPTCY CODE SECTION 329(b),
# AND (III) FOR RELATED RELIEF

TO:   **THE HONORABLE CARLA E. CRAIG,**
       **CHIEF UNITED STATES BANKRUPTCY JUDGE**

      Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), by and through her counsel, respectfully files this memorandum of law in support of her motion (the "Motion") for an order (1) imposing sanctions against Alan Shuchatowitz, Esq. under 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9011, and (2) requiring that Shuchatowitz return all fees as excessive under 11 U.S.C. § 329(b).  The Motion is supported by the Declaration of Marylou Martin, and is based on the following representations and statements.

## I.  SUMMARY STATEMENT

      Shuchatowitz has engaged in a systemic pattern of highly-offensive conduct that has adversely affected the integrity of the bankruptcy system and significantly burdened the administration of Chapter 13 cases in this Court.  To prevent Shuchatowitz's recidivism and protect the integrity of the practice of law in this Court, the Court should impose sanctions against Shuchatowitz in the total amount of $8,000, and direct him to return all fees paid to him by the Debtors.

      The pace of Shuchatowitz's abusive bankruptcy filings is shocking to the conscience. In the period of one month, between March and early April 2013, Shuchatowitz filed 32 skeletal bankruptcy petitions in this Court.  None of the Voluntary Petitions, all of which were filed under Chapter 13, bears the signatures of the purported debtors.  Furthermore, venue of each case is improper under 28 U.S.C. § 1408.  The debtors involved reside in 13 different states, with all but one debtor residing outside the State of New York.  None of the debtors reside in this Judicial District or own property here.

      Shuchatowitz seems to have commenced these cases for the elusive purpose of remedying certain unidentified mortgage deficiencies.  There is, however, no indication that the chapter 13 cases involved will, or legally can, be prosecuted in this Court.  Other than filing them, Shuchatowitz has made no efforts to pursue the cases.  He has failed to file in any of the

2

cases: (a) complete schedules, statements and related documents required pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 1007; (b) the disclosure of compensation statement required pursuant to Bankruptcy Rule 2016(b); or (c) any chapter 13 plans.  It also appears that Schuchatowitz has filed the cases in this Court, simply because he lives within this Judicial District, conveniently just a few miles from the Courthouse.

Shuchatowitz's injurious actions strike at the heart of the bankruptcy system.  In light of his pointless filings of 32 unsigned Voluntary Petitions in this improper venue, the United States Trustee requests that the Court impose sanctions against Shuchatowitz in the amount of $250 per case (*i.e.*, a total of $8,000) under Bankruptcy Rule 9011.[1]  Because the filing of the skeletal petitions constitutes a heightened abuse of the bankruptcy process, the Court may also impose sanctions in the same amount pursuant to 11 U.S.C. § 105.

Moreover, the United States Trustee requests that the Court direct Shuchatowitz to file verified statements of compensation pursuant to Bankruptcy Code section 329(a) and Bankruptcy Rule 2016(b) in each affected case.  As all fees paid by the debtors involved are excessive within the meaning of Bankruptcy Code section 329(b), Shuchatowitz also should be ordered to return all such fees to their respective debtors.

---

[1] The "safe harbor" provision of Federal Rule of Civil Procedure 11 does not apply if the sanction sought relates to the filing of a bankruptcy petition.  See Bankruptcy Rule 9011(c)(1)(A) ("[t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, *except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)*") (emphasis added).  See  Levey v. Kesser Cleaners Corp., 2007 WL 2177048 *3 (E.D.N.Y. July 27, 2007) (affirming the decision of the Honorable Dennis E. Milton).

## II. <u>FACTS</u>

1.     Between March 5, 2013 and April 5, 2013, Shuchatowitz, as purported debtors'

counsel, filed Voluntary Petitions on behalf of 32 separate debtors captioned above

(collectively, the "Debtors") under Chapter 13 (collectively, the "Cases").

2.     The Cases are set forth in the table below, as reflected on the Voluntary Petition

in each Case:

| <u>Case Name</u> | <u>Case No.</u> | <u>Date Filed</u> | <u>Debtor's State of Residence</u> |
|---|---|---|---|
| <u>In re Kleinbrahm</u> | No. 13-41231 (CEC) | March 5, 2013 | Pennsylvania |
| <u>In re Poe</u> | No. 13-41232 (CEC) | March 5, 2013 | Texas |
| <u>In re Reddick</u> | No. 13-41233 (CEC) | March 5, 2013 | Georgia |
| <u>In re Jung</u> | No. 13-41235 (CEC) | March 5, 2013 | Texas |
| <u>In re Cooper</u> | No. 13-41236 (CEC) | March 5, 2013 | Georgia |
| <u>In re Rios</u> | No. 13-41238 (CEC) | March 5, 2013 | Texas |
| <u>In re Goff</u> | No. 13-41247 (CEC) | March 6, 2013 | Maryland |
| <u>In re Dollahite</u> | No. 13-41349 (CEC) | March 11, 2013 | Tennessee |
| <u>In re Thomas</u> | No. 13-41366 (CEC) | March 11, 2013 | Florida |
| <u>In re Gray</u> | No. 13-41399 (CEC) | March 13, 2013 | Michigan |
| <u>In re Hubbard</u> | No. 13-41416 (CEC) | March 13, 2013 | Arizona |
| <u>In re Davis</u> | No. 13-41426 (CEC) | March 14, 2013 | Virginia |
| <u>In re Scott</u> | No. 13-41427(CEC) | March 14, 2013 | Virginia |
| <u>In re Tan</u> | No. 13-41477 (CEC) | March 15, 2013 | Ohio |
| <u>In re Restivo</u> | No. 13-41481 (CEC) | March 16, 2013 | Georgia |
| <u>In re Morris</u> | No. 13-41526 (CEC) | March 19, 2013 | Maryland |
| <u>In re Plumhoff</u> | No. 13-41529 (CEC) | March 19, 2013 | Maryland |
| <u>In re Henderson</u> | No. 13-41558 (CEC) | March 19, 2013 | Virginia |
| <u>In re Hoke</u> | No. 13-41606 (CEC) | March 20, 2013 | Illinois |
| <u>In re Alcala</u> | No. 13-41681 (CEC) | March 25, 2013 | Illinois |
| <u>In re Allen</u> | No. 13-41684 (CEC) | March 25, 2013 | Arizona |
| <u>In re Struckel</u> | No. 13-41715 (CEC) | March 26, 2013 | Tennessee |
| <u>In re Hartsfield</u> | No. 13-41797 (CEC) | March 38, 2013 | Maryland |
| <u>In re Snipes</u> | No. 13-41846 (CEC) | March 29, 2013 | Ohio |
| <u>In re Wheeler</u> | No. 13-41924 (CEC) | April 2, 2013 | Georgia |
| <u>In re Chase</u> | No. 13-41926 (CEC) | April 2, 2013 | Georgia |
| <u>In re Strong</u> | No. 13-41928 (CEC) | April 2, 2013 | New York |
| <u>In re Brantley</u> | No. 13-41929 (CEC) | April 2, 2013 | Texas |
| <u>In re Riley</u> | No. 13-41930 (CEC) | April 2, 2013 | Georgia |

| Case Name | Case No. | Date Filed | Debtor's State of Residence |
|---|---|---|---|
| In re Bridges | No. 13-41931 (CEC) | April 2, 2013 | Pennsylvania |
| In re Guerrero | No. 13-41960 (CEC) | April 4, 2013 | Arizona |
| In re Adams | No. 13-41989 (CEC) | April 5, 2013 | Massachusetts |

3.      The chart below reflects the number of Cases filed in the Court by Shuchatowitz between March 5, 2013 and April 5, 2013 on behalf of Debtors residing outside the Eastern District of New York, by State:

| Debtors' State of Residence | AZ | FL | GA | IL | MA | MD | MI | NY Rochester | OH | PA | TN | TX | VA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Number of Cases Filed by Shuchatowitz | 3 | 1 | 6 | 2 | 1 | 4 | 1 | 1 | 2 | 2 | 2 | 4 | 3 |

4      In each Case, Shuchatowitz has filed a skeleton Voluntary Petition on the date set forth in the table above.

5.      All filings by Shuchatowitz in each Case have been carried out on the Court's CM/ECF information system.

6.      The Voluntary Petition in each Case includes Shuchatowitz's electronic signature as attorney for the petitioning Debtor, but does not bear the signature of the Debtor, electronic or otherwise.

7.      Shuchatowitz has also filed an application to pay the filing fee in installments in each Case.

8.      As with the Voluntary Petitions in each Case, the installment payment applications in each Case has been signed by Shuchatowitz electronically, but does not include the signature of the Debtor.

9.      In certain of the Cases, Shuchatowitz has filed certificates of credit counseling and a creditor matrix listing a lending institution.

10.     The dockets of the Cases show that Shuchatowitz has failed to file complete Schedules, Statements of Financial Affairs, pay advices, and statements of current monthly income pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 1007 in the Cases.

11.     Shuchatowitz has failed to file a disclosure of compensation statement in each Case, as mandated by 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b).

12.     In response to an inquiry from the Clerk of the Court, Shuchatowitz filed an unsigned letter dated March 8, 2013 (the "March 8th Letter") in the Case styled <u>In re Jung</u>, stating:

> . . . The individuals in questions are all homeowners whose loans are pooled within a mortgage-backed securities pool that is domiciled in New York.  The corpus of the Trust and the substance of the assets are therefore inextricably linked to this Court. The filings were concentrated in this venue to ensure convenience for all parties, including creditors, and due to the availability and presence of all necessary documents for the prosecution of these matters within this jurisdiction.
>
> To require petitioners to make applications in jurisdictions other than where the Trust assets are located could lead to inconsistent results, and would impose a hardship on these individuals and the prosecution of their meritorious claims.

March 8th Letter, <u>In re Jung</u>, Case No. 13-41235 (CEC). Docket No. 3.

13.     According to the Voluntary Petitions filed in the Cases, Shuchatowitz's address is 1746 Ocean Parkway, Brooklyn, New York  11230, which lies within the Eastern District of New York.

14.     When initially filed, the Cases were assigned randomly to all Judges sitting in this Court.  They have since been reassigned to the Hon. Chief Judge Carla E. Craig.

### III. ARGUMENT

**A.     The Court Should Impose Sanctions Against Shuchatowitz
Under Bankruptcy Rule 9011 and 11 U.S.C. § 105.**

**1.     Sanctions under Bankruptcy Rule 9011 are an**

6

**Appropriate Remedy for Shuchatowitz's
Misconduct in Filing the Cases.**

Bankruptcy Rule 9011 provides:

(b) Representations to the Court.  By presenting to the court (whether by
signing, filing, submitting, or later advocating) a petition, pleading, written
motion, or other paper, an attorney or unrepresented party is certifying that to
the best of the person's knowledge, information, and belief, formed after an
inquiry reasonable  under the circumstances,

(1) it is not being presented for any improper purpose, such as to
harass or to cause unnecessary delay or needless increase in the cost
of litigation; . . .

\*\*\*

(3) the allegations and other factual contentions have evidentiary
support or, if specifically so identified, are likely to have evidentiary
support after a reasonable opportunity for further investigation or
discovery; . . .

Fed. R. Bankr. P. 9011;  In re Rainbow Magazine, Inc., 77 F.3d 278, 282 (9th Cir. 1996)

("Rule 9011 allows a bankruptcy court to sanction attorneys, parties and individuals that file

bad-faith documents before the court.").

Several bankruptcy courts and bankruptcy appellate panels have grappled with an

attorney's failure to obtain the debtor's signature prior to filing documents in a bankruptcy

case.  These courts have uniformly held that the failure to obtain the debtor's original

signature before filing a document with the bankruptcy court violates Rule 9011.  See In re

Phillips, 317 B.R. 518 (Bankr. 8th Cir. 2004); In re Stomberg, 487 B.R. 775 (Bankr. S.D.

Tex. 2013); In re Wenk, 296 B.R. 719 (Bankr. E.D. Va. 2002).

Here, Shuchatowitz filed the Cases for Debtors residing in 12 states other than the

State of New York, and a Debtor residing within the Western District of New York, without

first obtaining the Debtors' signature on their Voluntary Petitions.  Shuchatowitz's conduct

has resulted in 32 blatant violations of Bankruptcy Rule 9011, simply because the Voluntary

Petitions at issue lack the evidentiary support for the factual contentions set forth therein.

See Fed. R. Bankr. P. 9011(b)(3).  Furthermore, the filings all appear to be in blatant

7

violation of Bankruptcy Rule 1008, which requires that all bankruptcy petitions be verified or contain an unsworn declaration, as provided in 28 U.S.C. § 1746.  See Fed. R. Bankr. P. 1008.

The gravity of these omissions is very serious.  Without such signatures, the Court, creditors, the Chapter 13 Trustee, the United States Trustee and all other parties are deprived of the certainty that each the Debtors actually have consented to Shuchatowitz's filing of a Chapter 13 case on his or her behalf, has consented to such filings in this particular District, and has reviewed his or her Voluntary Petition.  Even worse, the absence of such signatures calls into question whether Shuchatowitz has even alerted the Debtors to the fact that he has filed bankruptcy cases on their behalves in this specific Court.

Shuchatowitz's regulatory violations go beyond just Bankruptcy Rule 9011, because by failing to obtain the Debtors' signature prior to filing the petitions, he also has collaterally violated one Local Bankruptcy Rule and one General Order regarding electronic filing.  Bankruptcy Local Rule 9011-1(b) provides that "[w]henever any applicable statute, rule, or order requires a document to be signed and the document is electronically filed, the document shall contain an electronic signature or a scanned copy of the original signature."  Local Bankruptcy Rule 9011-1(b).  It also requires a copy of the pleading with the original signature to be maintained in the attorney's files.  Id.  Concomitantly, General Order 559, *Electronic Means for Filing, Signing and Verification of Documents* (dated April 23, 2010) requires that "[t]he hard copy of the originally executed document shall be maintained by the filer for the later of two years or the entry of a final order terminating the case or proceeding to which the document relates."  General Order 559.

The venue deficiencies in these Cases are glaring.  In relevant part, the bankruptcy venue statute provides that an individual bankruptcy case "may be commenced in the district court for the district—(1) in which the domicile, residence . . . of the person . . . that is the subject of such case have been located for the [180] days immediately preceding such

8

commencement, or for a longer portion of such . . . period than the domicile [or] residence of such person were located in any other district."  28 U.S.C. § 1408(1).  According to their own Voluntary Petitions, however, none of the Debtors reside within the Eastern District of New York, or own property here.  Instead, the Debtors reside in 13 different states, and the sole Debtor resident of New York State does not reside within this Judicial District.  The documents filed in these Cases do not present any other circumstance that would establish appropriate venue in this District for any of the Debtors.  By failing to address any of this in his March 8th Letter, Shuchatowitz has squandered the opportunity to explain these venue problems.

Considered separately or together, the missing Debtor signatures and the improper venue here mean that Shuchatowitz has filed the Debtors' Voluntary Petitions with an "improper purpose" within the meaning of Bankruptcy Rule 9011(b)(1).  Shuchatowitz's motives in serially filing skeletal petitions for mostly out-of-state residents are set forth in his March 8th Letter, which states his intent to commence an action against a mortgage-backed securities pool, rather than to assist the Debtors in reorganizing their debts or helping them with any foreclosure problems.  Shuchatowitz's failures to file signed petitions, complete schedules, statements of financial affairs, pay advices, statements of monthly income, Chapter 13 plans and disclosure of compensation statements, are further evidence that Shuchatowitz may not have filed the Cases in good faith, or for the purpose of helping each Debtor successfully consummate a Chapter 13 plan.

Decisional law under Bankruptcy Rule 9011 provides solid support for imposing sanctions against Shuchatowitz.  For example, earlier this year, in Stomberg, the bankruptcy court in Houston, Texas concluded that the debtor's attorney violated Bankruptcy Rule 9011 by failing to obtain the debtor's signature on the schedules and the statement of financial affairs before filing the documents in the bankruptcy case.  Id., 487 B.R. at 806-809.  In reaching its conclusion, the Stomberg court relied heavily upon the decision in Phillips.  In

9

Phillips, the petitioner's attorney failed to obtain the debtor's signature on a bankruptcy petition prior to filing the document with the court. Phillips, 317 B.R. at 523. The debtor's counsel in Phillips claimed that the debtor, while not signing the petition, nevertheless authorized the bankruptcy filing. Id. The attorney argued that it was "objectively" reasonable to believe that he had the authority of his client. Id. In rejecting that argument, the Bankruptcy Appellate Panel for the Eighth Circuit noted that:

> [t]he issue is not whether the debtor *authorized* the filing of a petition, but whether she *signed* the petition that was filed. By signing the voluntary petition, the debtor is not authorizing the filing, but rather verifying, under penalty of perjury, that the information is correct. The debtor must read and sign every petition because each contains information unique to that filing.

Phillips, 317 B.R. at 523 (emphasis in original). Without the debtor's verification, the Panel reasoned, there was no evidentiary support for the information set forth in the document, and therefore, the petition violated Bankruptcy Rule 9011(b)(3). Id., 317 B.R. at 524.

Moreover, Stomberg concurred with Phillips in forcefully finding that "there are no circumstances that would ever justify an attorney filing a petition . . . without first obtaining the debtor's signature, 'regardless of how urgent the need may appear to be.'" Stomberg, 2013 WL 142396, at *25 (citing Phillips, 317 B.R. at 523). The bankruptcy petition requires the debtor's signature in order to verify the facts set forth in the petition. Phillips, 317 B.R. at 522. Bankruptcy Rule 9011 requires reasonable inquiry by an attorney as to whether there is a legal and factual basis for a claim. Id. Without the debtor's signature on the petition, there is no factual or legal basis for any claim, and therefore, by signing and filing of the debtor's petition without first obtaining the debtor's signature, the attorney violated Rule 9011. Id. Thus, in Stomberg and in Phillips, the courts concluded that the attorney's violation of Rule 9011 justified the imposition of sanctions.

In Wenk, counsel contended that his intention to file a petition without the debtor's signature and then cure the deficiency later by obtaining the debtor's signature was

10

permissible under applicable law.  Id., 296 B.R. at 725.  The court disagreed, and

characterized his conduct as no less egregious than if he had filed the petition purporting to

have the debtor's signature when he did not.  Id., 296 B.R. at 726.  Intentionally filing an

unsigned petition to attain the benefit of the automatic stay, the court reasoned, was

ultimately a fraud on the court and the debtor.  Id.  By filing the petition before obtaining the

debtor's signature, the attorney violated Rule 9011 and was subject to sanctions, "because

there could not have been a belief that the filing of a petition with what amounts to a forged

debtor's signature (*or a petition with no signatures for that matter*) was proper or warranted

under existing law . . ."  Id., 296 B.R. at 728 (emphasis added).

      **2.**      **The Court Should Impose Sanctions Against**
                    **Shuchatowitz in the Amount of $250 Per Case**
                    **for his Violations of Rule 9011.**

Bankruptcy Rule 9011(c)(2) provides that a sanction imposed for a violation of the rule

will be limited to that amount which is sufficient to deter repetition of the conduct.  Schwartz

v. Kujawa (In re Kujawa), 270 F.3d 578, 584 (8th Cir. 2001); Kesser Cleaners Corp., 2007 WL

2177048 at *5.  In light of the foregoing, as well as the sheer number of cases filed by

Shuchatowitz, which the Clerk's Office and the Chapter 13 trustee are burdened with

administering, the United States Trustee requests that Shuchatowitz be sanctioned $250 for

every Case in which he has filed a Voluntary Petition without the Debtor's signature.  In this

sense, it is noted that each Case was filed with only $40 of the $281 filing fee actually being

paid.  Sanctions in the amount of $250 per case will account for the administrative fees these

Cases would have generated had the full amount of the filing fee been paid.

**B.**    **The Court May Also Sanction Shuchatowitz Under 11 U.S.C. 105.**

In addition to relief under Rule 9011, the Court also has the power to impose sanctions

upon Shuchatowitz under the provisions of 11 U.S.C. § 105.  Under this Bankruptcy Code

provision, courts also have imposed sanctions against attorneys for failing to review pleadings

adequately before filing them.  Section 105 provides that:

> (a) The court may issue any order, process, or judgment that is necessary
> or appropriate to carry out the provisions of this title.  No provision of this
> title providing for the raising of an issue by a party in interest shall be
> construed to preclude the court from, sua sponte, taking any action or
> making any determination necessary or appropriate to enforce or implement
> court orders or rules, *or to prevent an abuse of process.*

11 U.S.C. § 105(a) (emphasis added).

Section 105 confers the bankruptcy court with broad authority to exercise its equitable

powers to prevent the abuse of process.  See 11 U.S.C. § 105;  In re Frankel, 192 B.R. 623, 629

(Bankr. S.D.N.Y. 1996).  For the same reasons noted above for imposing sanctions under

Bankruptcy Rule 9011, the Court can award sanctions under 11 U.S.C. § 105.  Indeed, courts

have taken action against counsel under 11 U.S.C. § 105 for failing to file properly-signed

papers:

• In re Ulmer, 363 B.R. 777, 785 (Bankr. D.S.C. 2007) (relying in part on 11 U.S.C. § 105
in imposing sanctions for infractions that included: (1) defective affidavits and/or (2)
documents that were not reviewed and signed by the attorney whose name was on the
motion);

• In re Rivera, 342 B.R. 435, 468 (Bankr. D.N.J. 2006) (relying in part on 11 U.S.C. § 105,
the court imposed monetary sanctions against an attorney and law firm for filing
improperly executed certifications);

• In re Osborne, 375 B.R. 216, 226-227 (Bankr. M.D. La. 2007) (relying in part on 11 U.S.C. §
105, the court imposed monetary sanctions on a bank, its law firm, and one attorney);

• Wenk, 296 B.R. at 728 (the court found that the filing attorney was subject to sanctions in part
pursuant to 11 U.S.C. § 105, based on a finding that the attorney's conduct impeded and
disrupted the bankruptcy process when he intentionally filed a deficient pleading that lacked the
debtor's signature).

• In re Alvarado, 363 B.R. 484, 492 (Bankr. E.D. Va. 2007) (attorney found to be in contempt
for electronically filing a petition that stated on its face that it had been signed by the debtor,
when it had not).

In sum, an attorney's electronic submission of a document to the Court inaccurately "purporting to have [a party's] signature is no different than [the attorney] physically forging [the party's] signature and handing the [document] over the counter to the clerk." Wenk, 296 B.R. at 725.

Under the Ulmer, Osborne, Wenk, and Alvarado decisions, the *modus operandi* implemented by Shuchatowitz in filing the Debtors' Voluntary Petitions is ample justification for the Court to impose sanctions pursuant to 11 U.S.C. § 105. Based on his conduct, Shuchatowitz should be sanctioned under 11 U.S.C. § 105. In this regard, at least one bankruptcy court has required a finding of bad faith as a predicate to imposing sanctions under 11 U.S.C. §105. In re Gorshtein, 285 B.R. 118, 124 (Bankr. S.D.N.Y. 2002) (bad faith under section 105 is an attempt to abuse the judicial process) (citing In re Spectee Group, Inc., 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995)). The Gorshtein court found that "false representations during bankruptcy proceedings constitute bad faith and are, therefore, subject to sanctions." Id. The decision in Gorshstein is not binding precedent upon this Court, and the United States Trustee respectfully disagrees with its reasoning that a finding of bad faith is necessary to trigger sanctions under 11 U.S.C. § 105(a). However, without conceding that bad faith is a requisite to impose sanctions under 11 U.S.C. § 105(a), the filing of petitions without electronic signatures that were not actually signed or reviewed by the signatory certainly is indicative of bad faith. Thus, assuming arguendo that the "bad faith" requirement exists under 11 U.S.C. § 105, the Court should sanction Shuchatowitz because this requirement has been met.

For the same reasons noted above for imposing sanctions under Bankruptcy Rule 9011, the Court can award sanctions under 11 U.S.C. § 105. Here, Shuchatowitz has filed the Debtors' petitions in the wrong venue without any indication of first having obtained the

appropriate signatures, and the Cases appear to serve no cognizable Chapter 13 purpose.  This

has jeopardized the Court's obligation to ensure that written factual contentions placed before it

are truthful, reliable and made in furtherance of the objectives of the bankruptcy laws.  Thus, the

Court may also impose sanctions under 11 U.S.C. § 105 in the recommended amount of $250

per Case.[2]

**C.      The Court Should Direct Shuchatowitz to Disgorge
         Fees to the Debtors Under 11 U.S.C. § 329.**

> **1.      The Court May Order a Debtor's Attorney to
>         Disgorge Fees to the Debtor, under 11 U.S.C. § 329
>         And Fed. R. Bankr. P. 2017(a) if it Finds that the
>         Fee Was Excessive.**

Section 329(a) and Bankruptcy Rule 2016(b) require a debtor's counsel to timely file

with the Court an accurate statement of the amount of compensation paid or agreed to be paid to

him for services rendered or to be rendered in contemplation or in connection with the Chapter

11 case.  11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016(b).[3]  The fee disclosure requirement of

---

[2] The United States Trustee notes that separate and distinct from the statutory authority to prevent abuse of process under section 105, the bankruptcy courts have the inherent power to sanction vexatious conduct.  <u>Hale v. U. S. Trustee</u>, 509 F.3d 1139, 1148 (9th Cir. 2007), <u>quoting</u> <u>Rainbow Magazine</u>, 77 F.3d at 284.

[3] Section 329(a) (Debtor's transactions with attorneys) provides –

> Any attorney representing a debtor in a case under this title, or in connection with
> such a case, whether or not such attorney applies for compensation under this
> title, shall file with the court a statement of the compensation paid or agreed to be
> paid, if such payment or agreement was made after one year before the date of the
> filing of the petition, for services rendered or to be rendered in contemplation of
> or in connection with the case by such attorney, and the source of such
> compensation.

11 U.S.C. § 329(a).

Federal Rule of Bankruptcy Procedure 2016(b) (Compensation for Services Rendered

14

section 329(a) "seeks to prevent overreaching by debtor's attorneys." In re Perrine, 369 B.R.

571, 579 (Bankr. C.D. Cal. 2007).  As set forth in the legislative history, "payments to a debtor's

attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy

laws, and serious potential for overreaching by the debtor's attorney, and should be subject to

careful scrutiny."  In re Campbell, 259 B.R. 615, 625, (Bankr. N.D. Ohio 2001) (quoting H.R.

Rep. No. 95-595, at 329 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6285).

Owing to this protective purpose, the bankruptcy courts have construed and interpreted

section 329(a) stringently.  The disclosure obligation of the statute is mandatory, not permissive.

Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.), 4 F.3d 1556, 1565 (10th

Cir. 1993).  The duty to disclose, moreover, is a continuing one.  Perrine, 369 B.R. at 579.

"There is no end-point to the application of § 329 and F.R.B.P. 2016." John G. Berg Assocs. v.

Township of Pennsauken (In re John G. Berg Assocs.), 138 B.R. 782, 787 (Bankr. E.D. Pa.

1992).

---

and Reimbursement of Expenses) provides –

> (b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.*  Every
> attorney for a debtor, whether or not the attorney applies for compensation, shall
> file and transmit to the United States trustee within 14 days after the order for
> relief, or at another time as the court may direct, the statement required by § 329
> of the Code including whether the attorney has shared or agreed to share the
> compensation with any other entity.  The statement shall include the particulars of
> any such sharing or agreement to share by the attorney, but the details of any
> agreement for the sharing of the compensation with a member or regular associate
> of the attorney's law firm shall not be required.  A supplemental statement shall
> be filed and transmitted to the United States trustee within 14 days after any
> payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b).

The disclosure requirements of section 329(a) and Rule 2016(b) in Chapter 13 cases like these help implement the examination of fees permitted under section 329(b) and Rule 2017. See, e.g., In re Moukazis, 479 B.R. 247 (Bankr. E.D.N.Y. 2012); In re Wesseldine, 434 B.R. 31, 35-36 (Bankr. N.D.N.Y. 2010).  Section 329(b) authorizes the denial of compensation to debtor's counsel, the cancellation of his or her employment agreement with the debtor, or the return of compensation paid, if the Court finds that the compensation paid exceeds the reasonable value of the legal services provided.  11 U.S.C. § 329(b).[4]  On the motion of a party in interest, including the United States Trustee, the rules implementing section 329(b), *i.e.* – Rules 2017(a) and (b), direct the Court to determine whether any payment or transfer of property to an attorney "in contemplation of" the filing of the bankruptcy petition, or "after entry of an order for relief in a case under the Code" is excessive.[5]

---

[4]  Section 329(b) (Debtor's transactions with attorneys), in relevant part, provides that "[if] such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to – (2) the entity that made such payment."  11 U.S.C. § 329(b).

[5]  Federal Rule of Bankruptcy Procedure 2017 (Examination of Debtor's Transactions with Debtor's Attorney) provides –

> (a) *Payment or Transfer to Attorney Before Order for Relief.*  On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

> (b) *Payment or Transfer to Attorney After Order for Relief.*  On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after

"An attorney's nondisclosure (which rises to the level of concealment) may expand the authority of the court under section 329."  3 <u>Collier on Bankruptcy</u>, ¶ 329.03[2], at 329-12 (16th ed. 2012).  The bankruptcy disclosure rules are applied literally, even though a harsh result may follow; negligent or inadvertent omissions do not obviate the need to disclose.  <u>Neben & Starrett, Inc. v. Chartwell Fin. Corp.</u> (<u>In re Park-Helena Corp.</u>), 63 F.3d 877, 881 (9th Cir. 1995).  The failure to comply with the bankruptcy system's statutory or regulatory disclosure requirements is a sanctionable violation, even if proper disclosure would have shown that no statute or rule was violated.  <u>See</u> <u>id.</u>, 63 F.3d at 880.  Under section 329(a) and Rule 2017, a lawyer's "[f]ailure to disclose . . . is sanctionable and can include partial or total denial of compensation, as well as partial or total disgorgement of fees already paid."  <u>In re Gage</u>, 394 B.R. 184, 192 (Bankr. N.D. Ill. 2008) (most bankruptcy courts "punish defective disclosure by denying all compensation"); <u>see</u> <u>also</u> <u>Franke v. Tiffany</u> (<u>In re Lewis</u>), 113 F.3d 1040, 1044-45 (9th Cir. 1997) (an attorney also may be denied allowance of fees where he has violated a disclosure requirement).

In terms of evaluating the value of legal services under section 329(b), it is axiomatic that attorneys are officers of the court and, as professionals, are held to a high standard in the discharge of their duties.  <u>In re Futuronics</u>, 5 B.R. 489, 490 (S.D.N.Y. 1980).  One of the important purposes of 11 U.S.C. § 329 is to ensure that attorneys provide competent representation to debtors.  <u>In re Dean</u>, 401 B.R. 917, 923 (Bankr. D. Idaho 2008).  If a bankruptcy court finds that an attorney fails to perform his or her duties competently, the entry of

---

entry of the order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Fed. R. Bank. P. 2017.

a disgorgement order pursuant to 11 U.S.C. § 329(b) is proper.  Id., 401 B.R. at 923, citing In re

Wilson 11 B.R. 986, 991 (Bankr. S.D.N.Y. 1981) (all fees paid to counsel ordered disgorged

under section 329 where attorney's representation of debtor was neither competently performed

nor zealously provided).  The bankruptcy court has wide discretion in its determination under

section 329(b), provided that the fees at issue are evaluated in light of the services actually

performed.  Karsch v. LaBarge (In re Clark), 223 F.3d 859, 863-64 (8th Cir. 2000).

> **2.    The Court Should Order Disgorgement Because
> Shuchatowitz has Failed to Provide the Debtors
> With Competent Legal Representation or File
> His Required Compensation Disclosure Forms.**

Shuchatowitz has engaged in precisely the kind of overreaching that section 329 is

intended to prevent.  He has failed to disclose his receipts (or not) of pre-petition fees pursuant to

Bankruptcy Code section 329(a) and Rule 2016(b), which failures continue on an ongoing basis

in these Cases.

Shuchatowitz should be ordered to return all sums received from the Debtors.  His

extraction of fees and failures to disclose are regrettable, and have jeopardized the duties of the

Court, the United States Trustee, the Chapter 13 Trustee and parties in interest to supervise and

monitor the accrual of administrative expenses in these Cases.  The damage that Shuchatowitz

has caused to the integrity of the bankruptcy system and the Debtors outweighs the negative

consequences flowing from the disgorgement requested here.  The law is clear in this area – all

fees must be disgorged to the Debtors despite the adverse consequences that disgorgement may

cause Shuchatowitz.

In the event that the Court agrees that Shuchatowitz's fees should be disgorged in light of

his failure to disclose his receipts of fees, as set forth above, the Court need not adjudicate the

issue of the excessiveness of fees under section 329(b) and Rule 2017. However, in the event that the Court considers the merits of section 329(b) and Rule 2017, it should reach the same conclusion. All fees received by Shuchatowitz should be disgorged, because they are excessive within the meaning of section 329(b) and Bankruptcy Rule 2017.

A primary purpose of 11 U.S.C. § 329 is to ensure that attorneys provide competent representation to debtors. Where an attorney fails to provide competent representation, disgorgement of fees is appropriate. Here, Shuchatowitz failed to provide competent representation to the Debtors. He has filed these Cases in an improper district, has failed to file documents required by section 521 and Bankruptcy Rule 1007, and has given every indication that he has commenced the Cases not for the purpose of reorganizing the Debtors' individual financial affairs, but for pursuing an unidentified action against an alleged common mortgagee.

But more basically, Shuchatowitz filed the Debtors' Voluntary Petitions without first obtaining their appropriate signatures, which has exposed them to undue risk of dire consequences. Specifically, the filing of documents requiring, but not actually signed by, a bankruptcy debtor has been held to justify the disgorgement of all fees under section 329. In re Damon, 40 B.R. 367, 372 (Bankr. S.D.N.Y. 1984); In re Tran, 427 B.R. 805, 807-10 (Bankr. N.D. Cal. 2010).

While Shuchatowitz may believe that the value of at least some of his fees is not excessive, such value is at best minimal, and more than eviscerated by his statutory and regulatory violations in these Cases. Based upon all of his successive failures, the Court should direct Shuchatowitz to file disclosures of compensation under Bankruptcy Rule 2016(b) in each Case, and order disgorgement of all fees received to the respective Debtors.

## IV.  <u>CONCLUSION</u>

The United States Trustee requests the following relief at the coming hearing: (a) the

imposition of sanctions against Shuchatowitz pursuant to Bankruptcy Rule 9011 and

Bankruptcy Code section 105 in the amount of $8,000; and (b) the filing by Shuchatowitz in

each Case of the disclosure of compensation statement required by Bankruptcy Rule 2016(a);

and (c) the disgorgement of all fees paid to Shuchatowitz by or on behalf of the Debtors.

WHEREFORE, the United States Trustee respectfully requests that the Court grant the

relief requested, and such other and further relief as it deems just and necessary.

Dated: Brooklyn, New York
      May 6, 2013

Respectfully Submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:   */s/ Marylou Martin*
      Marylou Martin
      Trial Attorney
      271 Cadman Plaza East
      Brooklyn, New York 11201
      Tel. No. (718) 422-4960